## THE NORTH ERIN.

### LUCKENBACH et al. v. THE NORTH ERIN.

(District Court, E. D. New York. December 31, 1895.)

SALVAGE COMPENSATION.

Ten thousand dollars awarded to a tug which, on receipt of telegraphic intelligence, promptly proceeded from New York, a distance of 80 miles, to the assistance of a steamer grounded on the coast of Long Island, in a position of some danger, with a cargo largely perishable, and succeeded after three hours' labor, by putting her engines to their utmost capacity, in pulling her off uninjured, being aided by the vessel's own engines and sails; the tug being worth upward of $50,000, and the steamer, cargo, and freight from $95,000 to $100,000, and it appearing that another wrecking outfit was on the way to the ship's relief, and would have gotten her off on the next day.

This was a libel in rem by Lewis Luckenbach and others against the steamship North Erin, her cargo and freight, to recover compensation for salvage services.

Peter S. Carter, for libelants.

Convers & Kirlin, for claimants.

BENEDICT, District Judge. This action is brought by the owners of the steamtug Luckenbach to recover salvage compensation for services performed by that tug in getting the steamship North Erin off the Long Island shore. The North Erin, when on a voyage from the Mediterranean coast to New York, with a cargo much of which was perishable, during a fog, grounded between the Tiana and Quogue light stations, on Long Island. The wind at the time was light; the sea moderate. Unsuccessful efforts to get her off by her own power were made by the steamship, during which she swung broadside to the shore. There was no possibility of her getting off without assistance. The fact that the steamer was ashore, and needed assistance, was telegraphed to New York on the morning of the 27th of April, Saturday. At about 11 a. m. the tug Luckenbach started to her relief. The tug had about 80 miles to go, and she arrived at the steamer about 6 o'clock in the afternoon of the same day. She immediately took hold of the steamer with a hawser, and being aided by the steamer's own engines and her sails, and by putting her engine to the limit of its capacity, she pulled the steamer off, after about three hours' labor. The steamer was uninjured, and proceeded that night to New York, under her own power, and there delivered her cargo uninjured. The position in which the North Erin lay was one of peril; but the amount of the peril was reduced by the fact that the Coast Wrecking Company had, upon hearing of her condition, dispatched a tug with a barge and wrecking appliances to her aid. The Coast Wrecking Company did not reach the place until the next day, when the steamer was off, and on her way to New York; but the Coast Wrecking Company would unquestionably have got the steamer off if the Luckenbach had not done so, as the weather continued favorable. Not-

withstanding, the case is one for liberal salvage compensation. The services rendered by the Luckenbach were skillfully performed, and her owners are entitled to credit for the promptness with which they acted in sending relief to the steamship. They at once sent their tug a distance of 80 miles, on a slim chance of getting this steamer off by the power of a tug. The services rendered entailed some risk upon the tug. One of the owners of the tug, fortunately, went with her; and at one time the master was inclined to abandon his effort, but, by direction of the owner, went on.

The value of the Luckenbach is upward of $50,000; the agreed value of the cargo of the North Erin is $55,000; and the agreed value of the freight $5,683.83. As to the value of the North Erin herself, there is a dispute. I doubt very much, however, whether it is over $35,000 or $40,000. No tender of any amount has been made. Under all the circumstances, $10,000 will, in my opinion, be a liberal salvage award in this case, but not excessive, considering the value of the property in peril, the nature of the peril, and the promptness of the action of the tug. The libelant must also have the costs of this action.